UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

KEITH EUGENE JOINES,

    Petitioner,

V.

GARZA, Acting Warden,

    Respondent.

Civil Action No. 7: 18-125-KKC

**MEMORANDUM OPINION & ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Keith Eugene Joines, a federal inmate proceeding without a lawyer, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. [R. 1, 5] Respondent Acting Warden Garza has filed a response in opposition to the petition [R. 21], and Joines has filed a reply. [R. 25] Thus, this matter is ripe for review.

**I.**

In July 2008, Joines was charged in an indictment issued by a grand jury in the United States District Court for the District of South Carolina with one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base (known as "crack" cocaine) and 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841 (b)(1)(B) (Count One) and two counts of possession with intent to distribute 5 grams or more of cocaine base (Counts Four and Five). *United States v. Joines*, No. 4:08-cr-0746-TLW-2 (D. S.C.).

On September 19, 2008, the United States filed a notice pursuant to 21 U.S.C. § 851 that it would seek an enhanced penalty for Joines' sentence due to his 1998 felony drug conviction for possession of cocaine. Specifically, the notice provided that, pursuant to 21 U.S.C. § 841(b)(1)(A), should the drug amount attributable to Joines be determined to involve 50 grams or more of cocaine

base, in light of his prior felony drug offense, he is subject to a mandatory minimum term of imprisonment of 20 years. *Id.* On September 30, 2008, pursuant to a plea agreement with the United States, Joines pled guilty to Count One of the Indictment. In the plea agreement, Joines agreed "that he has one prior felony drug conviction that has become final and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. § 851 which subjects him to a mandatory minimum term of imprisonment of 20 years on Count 1." *United States v. Joines*, No. 4:08-cr-0746-TLW-2 (D. S.C.) at R. 59, Plea Agreement ¶11.

Thus, in light of the § 851 Information filed by the Government, Joines' statutory sentencing range was 20 years to life. The Presentence Investigation Report ("PSR") prepared by a Sentencing Guidelines Specialist found that Joines had a criminal history category of VI, based on his 13 criminal history points, but also based on his career offender status. [R. 23 at p. 24, ¶¶ 107-108]. After reductions under U.S.S.G. § 3E1.1(a) and (b), Joines total offense level was 35. [*Id*. at p. 25-16]. Accordingly, the PSR calculated Joines' Guidelines range as 292 to 365 months imprisonment. [*Id*. at p. 29]

Before sentencing, the United States filed a motion for downward departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e), requesting that the Court sentence Joines to less time than he would otherwise be facing under the Sentencing Guidelines in return for Joines' substantial assistance in the investigation or prosecution of another individual. *United States v. Joines*, No. 4:08-cr-0746-TLW-2 (D. S.C.) at R. 92. This motion was granted. In addition, the Court accepted the PSR with modifications, including a reduction in Joines' base offense level from 38 to 36, which, after the reductions previously taken, reduced the total offense level from 35 to 34. [R. 23-1] Based on these changes, Joines' recommended

Guidelines range (based on a total offense level of 34 and criminal history category of VI) was 262 to 327 months. [*Id.*]

On March 11, 2009, the District Court sentenced Joines to a term of imprisonment of 204 months, well below the advisory Guideline range. *United States v. Joines*, No. 4:08-cr-0746-TLW-2 (D. S.C.) at R. 98. Also on March 11, 2009, Joines signed a notice confirming that he did not want to appeal. *Id.* at R. 94. Joines' subsequent efforts to obtain relief from his sentence, including a motion to compel the United States to file a Rule 35 motion, *id.* at R. 64, motion to vacate filed pursuant to 28 U.S.C. § 2255, *id.* at R. 201, and motion for a reduced sentence under Section 404(b) of the First Step Act of 2018, *id.* at R. 224, have all been denied by the District Court.[1]

In his petition for a writ of habeas corpus filed in this Court pursuant to 28 U.S.C. § 2241, Joines seeks relief from his sentence based on the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Lloyd*, 733 Fed. Appx. 132 (4th Cir. 2018), arguing that his prior convictions for resisting arrest, failure to stop for a blue light, and South Carolina second degree burglary no longer qualify as predicate offenses for purposes of his Guidelines' Career Offender status. [R. 1 at p. 5; R. 1-1] However, having thoroughly reviewed the petition, the response filed by Respondent, and Joines' reply, the Court must deny relief because Joines' claims are not cognizable in a habeas corpus petition under § 2241.

## II.

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a

---

[1] While Joines' motion for a reduced sentence under the First Step Act was pending at the time that he filed his § 2241 petition, the sentencing court has since denied that motion.

prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). More recently, in *Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019), the Sixth Circuit clarified *Hill* and held that "a federal prisoner cannot bring a claim of actual

4

innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Id*. at 705.

Here, Joines challenges the enhancement of his sentence resulting from his classification as a Career Offender under the Sentencing Guidelines. The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is a very limited exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, a prisoner may only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Sixth Circuit further expressly limited its decision in *Hill* to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Hill*, 836 F.3d at 599. Finally, the Sixth Circuit has made it clear that the retroactive case of statutory interpretation on which the petitioner relies must be a United States Supreme Court decision, not a decision from a United States Court of Appeals. *See Hill*, 836 F.3d at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"). *See also Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on a federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court).

Joines does not meet the foregoing requirements. First, Joines was sentenced in 2009, well after the Supreme Court's decision in *Booker* made the Sentencing Guidelines advisory rather

than mandatory. On this basis alone, Joines' claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his underlying sentence. *See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

Nor has Joines identified a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required. *See Hill*, 836 F.3d at 600; *Hueso*, 948 F.3d at 326. Instead, Joines challenges the use of his second degree burglary conviction in light of the Fourth Circuit's decision in *Lloyd* which is, of course, not a Supreme Court decision.[2] In *Hueso*, the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Hueso*, 948 F.3d at 333 (emphasis added).

Moreover, in *United States v. Lloyd*, 733 Fed. Appx. 132 (4th Cir. 2018), the Fourth Circuit addressed whether South Carolina second degree burglary qualifies as a predicate "crime of

---

[2] While Joines' petition also states that he challenges the use of his prior convictions of resisting arrest and failure to stop for a blue light as predicate offenses for his Career Offender designation [R. 1 at p. 5], he makes no effort to explain the basis for this challenge or his argument that these convictions do not qualify as valid predicate offenses. Although the Court has an obligation to liberally construe pleadings filed by a person proceeding without counsel, that obligation does not extend so far as to require or permit it to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

violence" offense for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), not for purposes of the Career Offender provisions of the Sentencing Guidelines. In *Lloyd*, petitioner Robert Lamont Lloyd filed a motion under 28 U.S.C. § 2255 seeking to correct his sentence imposed pursuant to the ACCA, arguing that his prior conviction for South Carolina second degree burglary was not a valid ACCA predicate offense. *Id.* at 132-133. The district court denied relief, finding that his challenge was not timely, and the Fourth Circuit denied a certificate of appealability. *Id*. at 133 (citing *United States v. Lloyd¸* 692 F. App'x 711 (4th Cir. 2017)). After Lloyd petitioned the United States Supreme Court for a writ of certiorari, the Government filed a response to the petition, "stat[ing] that Lloyd might no longer qualify as an armed career criminal, and indicat[ing] that, to the extent Lloyd's burglary claim was meritorious, it would waive any statute of limitations defense." *Id*. The Supreme Court granted the certiorari petition and remanded the case to the Fourth Circuit "in light of the position asserted by the Solicitor General in his brief for the United States." *Id*. (quoting *Lloyd v. United States*, 138 S. Ct. 925 (2018)).[3] On remand, the Fourth Circuit "agree[d] that Lloyd's conviction for South Carolina second degree burglary no longer qualifies as an ACCA predicate." *Id*. (citing *United States v. McLeod*, 808 F.3d 972, 976-77 (4th Cir. 2015)).

Thus, *Lloyd* did not address the use of South Carolina second degree burglary for purposes of the Career Offender provisions of the Sentencing Guidelines. And, even if *Lloyd* applied, Joines overlooks that, even absent his Career Offender designation, his criminal history category would still have been VI based on his 13 criminal history points. [R. 23 at p. 24, ¶¶ 107-108]. *See Snider*

---

[3] To be clear, while the Supreme Court granted the petitioner for writ of certiorari, it did not issue a substantive decision on Lloyd's claim, but instead reversed and remanded based on the position asserted by the Solicitor General in the brief responding to the petition for writ. Thus, this decision is not one that "adopts a new interpretation of a statute" as required by *Hueso*.

7

*v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) (finding that "exceptional circumstances" justifying the issuance of a writ do not exist where the sentence imposed fell within the advisory guidelines range unenhanced by the career offender designation).

Finally, Joines has not "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion." *Wright*, 939 F.3d at 706. Indeed, he raised his challenges to the use of his prior convictions for second degree burglary (relying on *McLeod*, 808 F.3d 972 (4th Cir. 2015), the same Fourth Circuit decision upon which *Lloyd* relied), failure to stop for a blue light, and resisting arrest in his initial motion to vacate filed pursuant to 28 U.S.C. § 2255, and these challenges were rejected by the sentencing court. *United States v. Joines*, No. 4:08-cr-0746-TLW-2 (D. S.C.) at R. 201, 206. Because Joines cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706.

For all of these reasons, Joines' claim for relief is not cognizable in a § 2241 petition. Accordingly, the Court hereby **ORDERS** as follows:

1. Joines' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1, 5] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

Dated March 30, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY